IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Darwin Lesher, : |  |
|     Plaintiff, : |  |
| v. : | Civil Action No.: |
| : |  |
| Law Offices of Mitchell N. Kay, P.C., : |  |
| And Mitchell N. Kay, attorney debt : |  |
| collector. : |  |
|     Defendant. : |  |

## COMPLAINT

1. Plaintiff is an individual, residing in the Commonwealth of Pennsylvania, and consumer pursuant to 15 U.S.C. §1692a(3).

2. Defendant (hereinafter Law Office) is a law firm/business entity(ies) engaged in the business of collecting consumer debts in this Commonwealth with its principal place of business located at 7 Penn Plaza, 18th Floor, New York, NY 10001.

3. On or about January 11, 2009, Defendant contacted Plaintiff by U.S. Mail and/or telephone calls in an attempt to collect an alleged consumer debt.

4. Defendant is a debt collector as defined by the state law and the FDCPA. 15 U.S.C. 11692a(6).

5. Defendant sent letters and/or made telephone calls to Plaintiff in June of 2007, which are "communications" relating to a "debt" as defined by 15 U.S.C. 11692a(2).

6. At all pertinent times hereto, the defendant was collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. § 1692a(5). (Hereinafter the "alleged debt.")

7. Defendant communicated with plaintiff on or after one year before the date of this action, in connection with collection efforts, by letters, telephone contact or other documents, with regard to plaintiff's alleged debt.

8. Plaintiff believes and therefore avers that Defendant's letters contained false, misleading, deceptive and/or confusing statements.

9. Plaintiff disputes the alleged debt and hereby requests proof of the manner in which the alleged debt was calculated, as is required by state and federal law.

10. Plaintiff believes and therefore avers that Defendant uses its position and title as attorneys in order to add heightened urgency and intimidation to its collection practices.

11. Plaintiff believes and therefore avers that Defendant uses its attorney status to make false, misleading and/or deceptive representation and/or implications that it has authority to take legal action in Pennsylvania.

12. Plaintiff believes and therefore avers that Defendant failed to make clear to the Plaintiff that it has no authority to take legal action in Pennsylvania.

13. The Plaintiff was mislead and deceived by Washington Mutual Home Equity Loans and as a result, suffered damages against WaMu and is seeking damages from same.

14. Attorneys who conform to the Rules of Professional Conduct, would conduct a reasonable review and would further, clearly advise an unrepresented consumer that the out of state attorney can take no legal action against the Plaintiff.

15. Consumers are hurt by these tactics.

16. The procedural background follows: Plaintiff initiated this Action in Cumberland County and provided Defendant with an opportunity to resolve the matter.

17. Defendant did not wish to resolve the matter as such, Plaintiff informed the Defendant, who was acting for itself, that the case would be discontinued and brought in federal court.

18. Plaintiff filed a discontinuance without prejudice and notified the Defendant directly.

19. Defendant, by and through an attorney who did not enter her appearance in the County case, removed the case to federal court after the case was discontinued.

20. Plaintiff, by letter, objected to the removal as improper.

21. Defendant's counsel advised the federal court that Plaintiff never gave her notice of the dismissal; that Defendant's counsel could not check the Cumberland County docket as it was not online; and that Plaintiff should just amend his Complaint.

22. Plaintiff advised that Defendant's counsel that she did not enter an appearance and as such, Plaintiff had no duty to notify Defendant's counsel but did notify the Defendant, also an attorney; that Cumberland County dockets can be checked online but a telephone call to the Prothonotary was also a consideration; and that Plaintiff could not simply amend the Complaint since the federal court did not have jurisdiction.

23. The Honorable Judge Connor dismissed the case without prejudice so that Plaintiff could file his case when he was ready to do so and as such, this Action is commenced.

## COUNT I - PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

24. Plaintiff hereby incorporates the foregoing as if fully stated herein.

25. Jurisdiction for this Action is asserted pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §2270 et seq.

26. Violating provisions of the Fair Debt Collection Practices Act also violate the Pennsylvania FCEU, 73 P.S. §2270.4(a).

27. Plaintiff believes and therefore avers that Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by FCEU and the regulations, including but not limited to, violations of 37 Pa.Code §§303.3(3), 303.3(14), 303.3(18), 303.6 and 73 P.S. §201-2(4).

28. Plaintiff believes and therefore avers that Defendant's acts as described herein were done with malicious, intentional, willful, reckless, negligent and wanton disregard for Plaintiff's rights with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the above violations, Plaintiff is entitled to statutory, actual, treble and punitive damages and attorney's fees and costs.

**WHEREFORE,** plaintiff requests that this Honorable Court issue judgment on Plaintiff's behalf and against defendant for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. 2207.5.

## COUNT II - PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

30. Plaintiff hereby incorporates the forgoing as if fully set forth herein.

31. Jurisdiction for this action is asserted pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq.

32. Plaintiff believes and therefore avers that Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by UTPCPL.

33. As a result of the above violations, Plaintiff is entitled to statutory, actual, treble and punitive damages and attorney's fees and costs.

**WHEREFORE,** plaintiff requests that this Honorable Court issue judgment on Plaintiff's behalf and against defendant for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. §201-902.

## COUNT III - FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff hereby incorporates the foregoing as if fully set forth herein.

35. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), particularly 15 U.S.C. §1692k(d) and 28 U.S.C.

§1337.

36. Venue lies in this District pursuant to 28 U.S.C. 1391(b).

37. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n.

38. Plaintiff believes and therefore avers that defendant does not have proper assignment of the claim, and is therefore, unable to collect the alleged debt pursuant to 18 Pa.C.S. §7311(a)(1) and (2).

39. Plaintiff believes and therefore avers that defendant does not have proper assignments and/or documentation permitting said defendants to charge interest, fees and/or costs. 18 Pa.C.S. §73112(b)(1).

40. The FDCPA states that a violation of state law is a violation of the FDCPA. 15 U.S.C. §1692n. Plaintiff believes and therefore avers that Defendant violated this section of the FDCPA.

41. Plaintiff believes and therefore avers that defendant added interest, fees and costs in violation of state and federal law.

42. Plaintiff believes and therefore avers that Defendant in its collection efforts, demanded interest, fees and/or costs in violation of the FDCPA, 15 U.S.C. §1692f(1) and 1692e(2)A and B.

43. There was never an express agreement by Plaintiff to pay any additional fees, cost or interest to Defendant or any of its agents.

44. The FDCPA states, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f. Plaintiff believes and therefore avers that Defendant violated this section of the FDCPA.

45. The FDCPA states, a debt collector may not use false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e(5) and (10), §1692f(8) and §1692j. Plaintiff believes and therefore avers that Defendant violated these sections of the FDCPA.

46. The FDCPA states, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d. Plaintiff believes and therefore avers that Defendant violated this section of the FDCPA.

47. The Seventh Circuit held that for attorneys to avoid liability under Section 1692e(3), the attorney must apply, "ultimate professional judgment concerning the existence of a valid debt." Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001). Plaintiff believes and therefore avers that Defendants violated, 15 U.S.C. §1692e(3). See also, Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002), Alvin v. Rubin, 84 f.3d 222 (7th Cir. 1996).

48. It has long been held that attorneys cannot sell their name/title/status or in simple terms, letterhead, to a collection agency. Bitah v. Global Collection Services, Inc., 968 F. Supp. 618 (D. New Mexico 1997).

49. In Brown v. Card Service Center, 464 F.3d 450 (3d Cir. 2006), the Third Circuit concluded that it would be deceptive under the FDCPA, "to assert that it could take any action that it had no intention of taking and has never or very rarely taken before." Brown. The FDCPA prohibits any action that cannot legally be taken or is not intended to be taken, 15 U.S.C. §1692e(5) and (10).

50. The Third Circuit explained that the attorney's behavior need not be egregious. Dutton v. Wolpoff & Abramson, 5 F.3d 649 (3d. Cir. 1993).

51. Plaintiff believes and therefore avers that the Defendant attorneys did not afford his account individual review. <u>Miller v. Wolpoff & Abramson</u>, 321 F.3d 292 (2d Cir. 2003).

52. Plaintiff believes and therefore avers that the Defendants violated 15 U.S.C. §1692f, by threatening and/or filing suit without proper legal authority in Pennsylvania.

53. The FDCPA provides certain rights to the consumer regarding his/ her right to dispute the alleged debt, 15 U.S.C. §1692g. Plaintiff believes and therefore avers that Defendants violated this section of the FDCPA.

54. Any threat of litigation is false if the defendant rarely, sues consumer debtors or if the defendant did not intend to sue the Plaintiff. <u>Bently v. Great Lakes Collection Bureau</u>, 6 F.3d 62 (2d Cir. 1998). See also, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10).

55. Courts have held that the threat of litigation is present simply because the letter comes from an attorney; the letter need not explicitly threaten suit. <u>Crossley v. Lieberman</u>, 868 F.2d 566 (3d Cir. 1989). <u>United States v. Central Adjustment Bureau</u>, 667 F. Supp. 370, 397 (N.D. Tex. 1986).

56. An attorney's interstate collection contacts must avoid misrepresenting the attorney's authority to sue where he or she is not admitted to practice. <u>Crossley v. Lieberman</u>, 868 F 2d 566 (3d Cir. 1989).

57. Defendant's contacts would easily confuse the least sophisticated consumer and cause the consumer to falsely believe that he/she could be sued in an out-of-state court. <u>Rosa v. Gaynor</u>, 704 F. Supp. 1 (D. Conn. 1989).

58. At all time pertinent hereto, the defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the defendants herein.

59. At all times pertinent hereto, the conduct of defendant as well as their agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

60. The above mentioned acts with supporting cases demonstrates that the conduct of defendants rises to the level needed for punitive damages.

61. Defendant, in its collection efforts, violated the FDCPA, *inter alia*, Sections 1692, b, c, d, e, f, g, h, and/or n.

62. Defendant, in its collection efforts, used false or deceptive acts and intended to oppress and harass plaintiff.

63. That, as a result of the wrongful tactics of defendants as aforementioned, plaintiff has been subjected to anxiety, harassment, intimidation and annoyance for which compensation is sought.

**WHEREFORE,** Plaintiff respectfully requests that his Honorable Court enter judgment for Plaintiff and against defendant and issue an Order:

(A) Award Plaintiff statutory damages in the amount of One Thousand Dollars ($1,000.00) for each violation of the FDCPA or each separate and discrete incident in which defendants have violated the FDCPA.

(B) Award Plaintiff general damages and punitive damages for anxiety, harassment, and intimidation directed at Plaintiff in an amount not less than Ten Thousand Dollars ($10,000.00), as well as the repetitive nature of defendants form letters.

C) Award Plaintiff costs of this litigation, including a reasonable attorney's fee at a rate of $450.00/hour for hours reasonably expended Plaintiff's attorney in vindicating his rights under the FDCPA, permitted by 15 U.S.C. §1692k(a)(3).

(D)  Award declaratory and injunctive relief, and such other relief as this Honorable Court deems necessary and proper or law or equity may provide.

**WHEREFORE,** plaintiff requests that this Honorable Court issue judgment on Plaintiff's behalf and against defendant for a statutory penalty, treble damages, punitive damages, attorney fees and costs pursuant to 73 P.S. §201-902.

### COUNT V - CLASS ACTION

64. Plaintiff hereby incorporates the forgoing as if fully set forth herein.

65. Pennsylvania Rules of Civil Procedure No., 1701, permits a class action if certain criteria are met and the FDCPA also permits class action, 15 U.S.C. §1692k(a)(2)(B).

66. The Plaintiff filed suit against defendants for violations of the FDCPA, in pertinent part:

   a.  Defendants did not have legal authority to collect the alleged debt within this Commonwealth because it does not have the proper authority in accordance with Pennsylvania law.

   b.  Defendants charged interest, fees and costs in violation of state and federal law.

   d.  Defendants its position and title as attorneys in order to add heightened urgency and intimidation to its collection practices.

   e.  Defendants use its attorney status to make false, misleading and/or deceptive representation and/or implications that it has authority to take legal action in Pennsylvania.

   f.  Defendants failed to make clear to the Plaintiff that it has no authority to take legal action in Pennsylvania.

67. This action seeks a declaration that the common and routine business practice of the Defendants to collect against consumers in violation of state and federal law.

68. This action seeks a declaration that the common and routine business practice of the Defendants to charge interest, fees and costs in violation of state and federal law.

69. This action seeks a declaration that the common and routine business practice of the Defendants to use its position and title as attorneys in order to add heightened urgency and intimidation to its collection practices.

70. This action seeks a declaration that the common and routine business practice of the Defendants to use its attorney status to make false, misleading and/or deceptive representation and/or implications that it has authority to take legal action in Pennsylvania.

71. This action seeks a declaration that the common and routine business practice of the Defendants to refuse to make clear to the consumers that it has no authority to take legal action in Pennsylvania.

72. This action seeks a declaration that the common and routine business practice of the Defendants to be misleading, confusing and/or deceptive to the least sophisticated consumer and therefore, violated the FDCPA.

73. This action seeks a declaration that Defendants' collection practices violated the FDCPA.

74. The Class consists of all persons in the Commonwealth of Pennsylvania who received similar debt collection contacts by the Defendants.

75. Plaintiff's claims are typical of the claims of the Class.

76. It is unknown how many contacts were made by the Defendants, as such, Plaintiff believes and therefore avers that the number exceeds 100 persons.

77. Common relief is therefore sought on behalf of all members of the Class.

78. This Class Action is superior to other available methods for the fair and efficient adjudication of this controversy.

79. The prosecution of separate action by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to the interests of the other members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole that warrants declaratory relief.

80. The Plaintiff will fairly and adequate protect and represent the interests of the Class. The management of the Class action proposed is not extraordinarily difficult and the factual and legal issues raised will not require extended contact with the members of the Class because the conduct of Defendants was perpetrated on all members of the Class and will be established by common proof. Plaintiff's counsel, participated as an attorney in class actions brought pursuant to the FDCPA as well as has been litigating FDCPA cases in county and federal court for 10 years.

81. Given the nature of Defendants' collection practices, it is likely that other consumers in Pennsylvania have been harmed by these practices.

82. The law firm of Krevsky & Rosen, located at 1101 North Front Street, Harrisburg, Pennsylvania, has agreed to enter its appearance as co-counsel to ensure that Plaintiff's counsel will have adequate resources to represent the class.

83. This action could be handled as a no-notice class, and is superior to the alternative,

hundreds of Pennsylvania residents filing separate FDCPA actions.

84. Plaintiff respectfully requests that this Honorable Court consider the frequency and persistence of Defendants' non-compliance, the nature of Defendants' non-compliance, and the obvious intentional nature of the Defendants' by failing to verify whether the collection amount is valid, as required by Pennsylvania law, failure to secure the proper authorizations as required by Pennsylvania law and in general, attempting to deceive Pennsylvania consumers.

85. Plaintiff respectfully requests that this Honorable Court certify the class and award such amount for each named Plaintiff, $1,000.00, plus such amount as this Honorable Court may allow for all other class members, without regard to a minimum of $500,000.00 or one percent of the net wroth of the debt collector, and attorney fees of $350.00 per hour, and costs as reasonably determined by this Honorable Court.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court

a. Certify the class;
b. Appoint Plaintiff to represent the members of the class;
c. Appoint Deanna Lynn Saracco and the law firm of Krevsky & Rosen as counsel for the class;
d. Declare that Defendants' practices of adding unlawful collection fees violated Pennsylvania law and the FDCPA;
e. Enter judgement in favor of Plaintiff and the Class and against Defendants, for statutory damages, costs and reasonable attorney fees in the amount of $450.00 per hour;
f. Grant such further relief as this Honorable Court deems just and proper.

Dated:3/30/09 By:  /s/Deanna Lynn Saracco
Deanna Lynn Saracco, Attorney for Plaintiff
76 Greenmont Drive, Enola, PA 17025
Telephone 717-732-3750
Fax 717-728-9498
Email: SaraccoLaw@aol.com