```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARWIN LESHER,                   :    CIVIL NO. 1:09-CV-0578
                                 :
          Plaintiff              :    (Magistrate Judge Smyser)
                                 :
     v.                          :
                                 :
LAW OFFICE OF MITCHELL N. KAY,   :
P.C.,                            :
                                 :
          Defendant              :
```

**MEMORANDUM AND ORDER**


	The plaintiff filed a second amended complaint in this case on August 3, 2009. (Doc. 24). A motion to dismiss the second amended complaint was filed on August 25, 2009. (Doc. 25). A brief in support was filed on the same date. (Doc. 26). The plaintiff filed a brief in opposition to the defendant's motion to dismiss the complaint on September 9, 2009. (Doc. 27). A reply brief was filed on September 21, 2009. (Doc. 28).


	The second amended complaint alleges that the plaintiff Darwin Lesher borrowed a sum from a lender, Washington Mutual Home Equity Loan, in the form of a home equity loan and that he

fell behind on his payments as a consequence of predatory lending practices and unfair business practices on the part of Washington Mutual. He disputes the alleged debt and how the debt was calculated. Washington Mutual Home Equity Loan placed the account with defendant Law Offices of Mitchell N. Kay, P.C. The defendant sent communications to the plaintiff relating to the debt. The defendant was collecting the debt. The communications stated that the plaintiff's account was being handled by the defendant's office and that the defendant had been authorized to offer the plaintiff an opportunity to settle the account with a lump sum payment. The communications stated that the plaintiff was invited to visit the web site of the defendant to "resolve this debt privately." The communication stated: "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account."

The second amended complaint alleges that the plaintiff believed that an attorney was involved in the collection of the alleged debt and that an attorney could and would take legal action against him.

2

In a subsequent communication from the defendant to the plaintiff, the second amended complaint alleges, the defendant stated to the plaintiff, "[d]ifficult economic times exist today. We would like to offer you the opportunity to repay this obligation on a monthly repayment plan." It also states, "**OR: A SETTLEMENT OFFER.**" It also states, "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account." The plaintiff believed that if payment or a settlement were not made, legal action could and would be taken against him.

The second amended complaint alleges that the defendant failed to make it clear to the plaintiff that the defendant had no authority to take legal action in Pennsylvania.

The second amended complaint alleges that the defendant acted through its agents with malicious, intentional, willful, reckless, negligent and wanton disregard for the plaintiff's rights with the purpose of coercing the plaintiff into paying the alleged debt and caused harm to the plaintiff. It is alleged that the defendant as a matter of policy and practice

3

does not advise consumers that it can take no legal action against them, that it uses its title and status as an attorney to make false, deceptive or confusing statements to consumers, and that it uses the authority and credibility of its letterhead to threaten litigation and to create a heightened sense of urgency without a meaningful review of the consumer's account.

The second amended complaint asserts violations of 15 U.S.C. § 1692d and §§ 1692e(5) and (10), § 1692f, § 1692j, § 1692g and § 1692u. The complaint seeks statutory, actual, general and punitive damages, fees and costs as well as declaratory and injunctive relief.

The defendant's motion to dismiss the second amended complaint argues that the communications are not false or misleading, that they did not threaten a lawsuit, and that the plaintiff's demand for relief of $1,000 per violation is not proper.

4

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements

5

of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

6

We will not consider the Declaration of Darwin Lesher attached to the plaintiff's brief in opposition to the defendant's motion (Doc. 27), because to do so would be inconsistent with the 12(b)(6) standard.

The Fair Debt Collection Practices Act ("FDCPA") requires a debt collector not to use any false, deceptive or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Whether a communication is false and misleading under the Fair Debt Collection Practices Act is a question of law. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000). The perspective to be taken in considering whether a representation is false, misleading or deceptive is that of the "least sophisticated debtor." *Wilson, supra,* 225 F.3d at 354.

The plaintiff in his complaint and brief asserts that the communications at issue are misleading because they would

7

cause the least sophisticated debtor to believe that if he did not pay the debt a legal action would be taken against him.

In *Brown v. Card Service Center*, 464 F.3d 450 (3d Cir. 2006), the Court found it to be a deceptive practice for a collection agency to mention in a letter that an account could be forwarded to an attorney when the agency had never or very rarely done so before.  In the present case the communications at issue were from an attorney and there was no explicit statement made of future plans.  This is not, as was *Brown,* a situation involving an announcement of a contingent future course of action when in practice no such steps were ever taken by the debt collector.

In *Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d 360 (2d Cir. 2005), the letters written under attorneys' letterheads had stated to debtors that the attorney(s) had not made a particular decision about the particular debtor's debt: "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account."  This language was found to be adequate to dispel a possible

8

inference of the debtor that a particularized analysis had caused the attorney to have decided to pursue a collection process through litigation. The *Greco* decision holds that there is not an actionable misrepresentation by the debt collector and no actionable FDCPA claim.

In *Rosenau v. Unifund Corp.,* 539 F.3d 218 (3d Cir. 2008), the Third Circuit applied the least sophisticated debtor standard where a debt collection letter had expressly stated "[t]his communication is from a debt collector. This is an attempt to collect a debt. . .," and where the letter closed with, in place of a signature, "Unifund Legal Department." The Court, quoting from *Brown, supra,* stated that a debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. The Court found the letter to falsely imply that it was from an attorney.

The plaintiff's claim here is that the letterhead falsely implies that the letter is from an attorney, and that the implication causes an unwarranted impression and

9

apprehension for the debtor.  The plaintiff argues here that such an apprehension is the intent of the use of attorney letterhead and that it is a misrepresentation.  Plaintiff notes that the signing attorneys do not point out to the debtor that the attorney is not licensed to practice in Pennsylvania.

In *Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009), the Fifth Circuit considered a debt collection letter very similar to the letter in this case.  The Court found the letter to be a debt collection letter that was seemingly from an attorney.  The Court considered *Greco, supra,* and the disclaimer language held there to constitute an adequate explanation of the limited extent of any attorney involvement in collecting debts.  The Court found it to be significant that, as in this case (as alleged in the Second Amended Complaint), the language "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account" was on the back of the letter.

Although an attorney may be acting solely in the capacity of a debt collector and may not be communicating any

10

explicit representation of a future course of action, when the attorney uses law firm letterhead the attorney plainly is communicating to the debtor in his or her capacity as an attorney with an understanding that the fact that it is an attorney's communication will give rise to an impression on the part of the debtor.  The defendant does inform the court in asking that the complaint be dismissed of the impression that it is seeking to make upon the debtor.  It asserts that this is just something that attorneys do; i.e., they send out letters noting the existence of a debt and asking for payment.  The defendant does not deny that its identification of itself to the debtor as a law office is intended to make an impression, nor does it describe the impression that is intended beyond saying that this is something that attorneys do.  The defendant asserts that its statement in the letter from a law office that "no attorney with this firm has personally reviewed the particular circumstances of your account" is enough to dispel the natural inference that the least sophisticated debtor might draw from a communication from an attorney that a legal action against the debtor may be imminent.

If the language that the debtor's account has not been analyzed in particular by an attorney can in some contexts dispel the representation or impression that an attorney is pursuing the case, it nevertheless does not itself dispel that representation and impression in all contexts. The least sophisticated consumer would be likely to believe that the attorney is acting as an attorney for the lender in communicating with the consumer concerning the loan. The least sophisticated consumer would reasonably believe upon receiving a communication from an attorney for the lender that the debt collection process has entered into a phase where the lender through its attorney will begin to use procedures established by law and known to attorneys to collect the debt. The least sophisticated consumer may feel that his property and interests are in some potential jeopardy.

Although the issue whether there is a misrepresentation is a question of law, the context of the representation may be material to determine whether the representation has two meanings.

12

The defendant asserts that it is the crux of the second amended complaint that the two letters violated the FDCPA by falsely representing or implying that an attorney had reviewed the plaintiff's file. However, the second amended complaint contains all of these theories of FDCPA violations: a failure to advise the plaintiff that the defendant could take no action against the plaintiff, a failure to advise the plaintiff of the defendant's "intent with respect to its ability to take legal action" against the plaintiff, the defendant's use of title, status and position to make false, deceptive or confusing statements on forms to the plaintiff, falsely implying or representing that an attorney had reviewed the plaintiff's account, using the authority and credibility created by the law office's letterhead to collect debts or to convey the threat of litigation without any meaningful review of the consumer's account, using the position and title of attorneys to create a false sense of heightened urgency and intimidation without a meaningful review of the consumer's account, and attempting to collect a debt without proper assignment of the claim and without complying with 18 Pa.C.S. § 7311(a)(1-3). (Doc. 24, pages 6-7).

13

Without addressing each of these, we will deny the motion to dismiss the complaint because we reject the defendant's arguments that the letters do not have two or more meanings, one of which is inaccurate, with regard to the nature and extent of attorney involvement.

**IT IS ORDERED** that defendant's motion to dismiss the second amended complaint (Doc. 25) is **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: October 22, 2009.