```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DARWIN LESHER,                    :    CIVIL NO. 1:09-CV-0578
                                  :
         Plaintiff                :    (Magistrate Judge Smyser)
                                  :
    v.                            :
                                  :
LAW OFFICES OF MITCHELL N. KAY,   :
P.C.,                             :
                                  :
         Defendant                :
```

## ORDER

The defendant has filed a motion asking the court to reconsider the Order of October 22, 2009 (Doc. 29) denying the defendant's motion to dismiss the second amended complaint.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the

need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D.Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. *Clifford v. Jacobs*, 739 F. Supp. 957, 958-59 (M.D.Pa. 1990). Mere disagreement with the court does not translate into a clear error of law. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992).

The defendant argues that the motion for reconsideration should be granted and that the court should reconsider the defendant's motion to dismiss the second amended

2

complaint because the court made a clear error of law.  The defendant argues that it was a clear error of law for the court to have considered a United States Court of Appeals decision that neither the plaintiff nor the defendant had cited in the parties' briefs.  The defendant does not cite authority for the position that it is a clear error of law for a district court to consider a United States Court of Appeal decision when the decision has not been cited by a party.

The defendant asserts that the court deemed the decision in question, *Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009) to be controlling law, and that this attribution of such a status to a Fifth Circuit decision was a clear error because that decision is inconsistent with Third Circuit law.  In particular, the defendant argues, where the *Gonzales* decision holds that a disclaimer of attorney involvement in a debt collection is not dispositive in all circumstances, the Third Circuit has held that the issue of whether a debt collection letter is deceptive is a question of law that is not affected by any particular circumstances and that a disclaimer of attorney involvement in a debt collection is dispositive.  The

3

defendant considers this court to have decided that the issue of whether a debt collection letter is deceptive is not a question of law.

The Memorandum and Order said,

> [a]lthough the issue whether there is a misrepresentation is a question of law, the context of the representation may be material to determine whether the representation has two meanings. . . [and] we reject the defendant's arguments that the letters do not have two or more meanings, one of which is inaccurate, with regard to the nature and extent of attorney involvement.

We indicated that we are not prepared to say that as a matter of law all that a letter from an attorney to a debtor must contain to avoid any implication or inference of deception in the language, anywhere in the letter, "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account."[1]

The defendant does not make a showing of a clear error of law.

---

1. We note also the assertion of fact in the defendant's brief that "there is no dispute amongst the parties that no attorney was involved in Lesher's account." We do not find that in the Second Amended Complaint.

4

The defendant also argues that the court erroneously failed to consider the defendant's argument that the complaint fails to state a claim of a violation of 18 Pa.C.S. § 7311 upon which relief can be granted and the defendant's argument that the court should determine at the Rule 12(b)(6) stage whether the plaintiff would be entitled to a single or a multiple $1,000 recovery if the plaintiff prevails in this action.

The 18 Pa.C.S. § 7311 issues include the issue whether Law Offices of Mitchell N. Kay, P.C., is a collection agency. The defendant in its brief suggests that the plaintiff's theory that the defendant is a law firm, not a collection agency, should result in a dismissal of the 18 Pa.C.S. § 7311 claim. We do not agree.

Whether the defendant law firm is a "collection agency" is not shown by the defendant to be free from dispute in this case.

The court does not consider it to be prudent to presently decide the appropriate measure of damages, in that it

is not clearly established that the particular facts of the case may not affect whether one or more defined penalties may be applicable.

**IT IS ORDERED**, for the foregoing reasons, that defendant's motion for reconsideration (Doc. 30) is **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 7, 2009.