IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG)

| | |
|---|---|
| DARWIN LESHER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>LAW OFFICES OF MITCHELL N. KAY, P.C.,<br><br>　　　　Defendant. | Hon. J. Andrew Smyser<br>Civil Action No.: 09-578 |

**DEFENDANT'S, LAW OFFICES OF MITCHELL N. KAY P.C., REPLY TO CROSS MOTION FOR SUMMARY JUDGMENT**

Defendant's, Law Office of Mitchell N. Kay, P.C., by and through its counsel, Joann Needleman, Esq., respectfully submits this Reply Brief in Support of its Cross Motion for Summary Judgment.

**A.　　INTRODUCTION**

Plaintiff's response and brief in opposition to the Defendant's Cross Motion for Summary Judgment raises two arguments: (1) that Defendant's conduct was not only in violation of specific subsections of the FDCPA but the Rules of Professional Conduct as well and (2) that the least sophisticated consumer standard must be determined from the prospective of this Plaintiff.

In Section **IV.B.2** of Defendant's memorandum in support of its Cross Motion for Summary Judgment, an exhaustive analysis of the flaws in the Plaintiff's first argument is clearly set forth and will not be reiterated. However, Defendant submits this reply to correct the improper standard of the least sophisticated consumer as argued by the Plaintiff's in its response.

### B. THE LEAST SOPHISTICATED CONSUMER IS AN OBJECTIVE STANDARD AND NOT A SUBJECTIVE DETERMINATION OF WHETHER THIS PLAINTIFF WAS DECEIVED OR MISLEAD BY THE DEFENDANT'S LETTERS

Plaintiff argues in its response and by way of a Declaration[1] that he was in fact intimidated by the Defendant's Collection Letters. He also states and concludes, among other things, that he believed that an attorney was involved in the collection of a debt, that Defendant could and would take legal action against him, that he sought legal help because legal action could and would be taken against him and that he did not contact Defendant directly because he thought Defendant was going to sue him.[2]  However, the statements and conclusions made by this Plaintiff are not only unsupported by the facts of the case but contrary to the overwhelming case law which deems his conclusions as unreasonable.

The Third Circuit in Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000) held that the least sophisticated consumer standard does not provide for the "bizarre or idiosyncratic interpretation" of a collection letter without preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care" as well as require the trier of fact "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd" *citing* United States v. National Fin. Servs., 98 F.3d 131, 136 (4th Cir. 1996) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).  Wilson followed a long line of cases which utilized this standard in determining whether a statement is false, deceptive or misleading so as to constitute a violation of any of the provisions of 15 U.S.C.A. § 1692e. *See*, Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1227 (9th Cir. 1988); Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985); Kimber v. Federal Financial Corp., 668 F. Supp.

---

[1] This was the identical Declaration that was submitted in response to the Defendant's Motion to Dismiss.
[2]  Plaintiff also states that he disputes the debt but there is no evidence anywhere in the record that he provided any written notice of dispute as required by 15 U.S.C. 1692g(b). *See*, Graziano v. Harrison, 950 F.2d 107 (3rd. Cir. 1991).

1480, 1486-87 (M.D.Ala. 1987); United States v. Central Adjustment Bureau, Inc., 667 F. Supp. 370, 375 (N.D.Tex. 1986).

More recently, the Third Circuit held in Campuzano-Burgos v. Midland, 550 F.3d 294 (3rd. Cir. 2008) that:

> Although established to ease the lot of the naive, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices Schweizer v. Trans Union Corp., 136 F.3d 233, 238 (2d Cir. 1998) (analyzing a debt collection letter as a whole under the least sophisticated debtor standard); Peter v. GC Servs. L.P., 310 F.3d 344, 349 (2nd Cir. 2002) (same); McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2nd Cir. 2002) (same). Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

Campuzano-Burgos v. Midland, 550 F.3d at 299.

In terms of Plaintiff's allegation that the Defendant violated subsections §1692e(3), (5) & (10) of the FDCPA, this Court must not determine whether ***this plaintiff***, Darwin Lesher, was deceived or mislead, but rather whether the "least sophisticated consumer" would have been mislead or deceived under the circumstances. *See*, Beattie v. v. D.M Collections, Inc., 754 F. Supp 383 (D.De. 1991), citing Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 600 (N.D.Ga. 1982), *on reconsideration*, 555 F. Supp. 1005 (N.D.Ga. 1983); Aronson v. Commercial Fin Servs, 1997 U.S. Dist LEXIS 23534 (E.D.PA. 1997) (Whether communication actually misled Plaintiff is irrelevant); Heller v. Graf, 448 F.2d 686 (N.D.Il. 2007)(Whether the plaintiff was misled is not an element of a cause of action). This is not a jury question as Congress has indicated a desire for the courts to lend structure to the confines of practices prohibited by the

3

Act. *See* S. Rep. No. 95-382, 95th Cong., 1st Sess. 4, *reprinted in* 1977 U.S.Code Cong. & Admin. News 1695, 1698; Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985).

Therefore, as will be shown, Plaintiff's interpretation of the Defendant's Collection Letters would in fact "provide solace to the willfully blind or non-observant". *See*, Campuzano-Burgos, *supra*.

### 1. Plaintiff's Interpretation of the Collection Letters as Intimidating was Unreasonable as no Threat of Suit was made

Plaintiff's assertion that **he** was intimidated by the Defendant's Collection Letters [3] goes to the crux of the least sophisticated consumer standard as enunciated in Beattie and the line of cases as cited above: namely that **this** Plaintiff's perception and interpretation of the Defendant's Collection Letters is irrelevant. Additionally, Plaintiff concludes that he thought he could or would be sued and that this threat was imminent. As stated in Defendant's Cross Motion for Summary Judgment, this conclusion was based solely on the fact that the letter came from an attorney and not from any statement made in the body of the Collection Letters. In fact, no where in the body of the letter does the Defendant use the terms such as lawsuit, legal action, retained, legal costs, fines, and/or penalties. It is for this reason that he states in his Declaration that he sought counsel, which is not a basis, in it of itself, for any violation under the FDCPA.

Defendant's Cross Motion at **IV.C.1 & IV.C.2** explains that numerous courts within and outside this Circuit have considered the question – whether a threat of a lawsuit can be implied from an attorney's letter – and have unanimously held that a letter from an attorney on attorney letterhead, with no reference to a pending or threatening law suit, will not be construed to contain

---

[3] Plaintiff states that it also received a third letter in October 2009 from the Defendant, received a phone call and that Defendant attempted to contact Plaintiff's counsel. Other than the letter, Plaintiff points to no evidence in the record of such communication other than the statements made by its counsel. Plaintiff also states that these "contacts are not in violation of this Action". These statements are not only irrelevant but should be completely disregarded by this court as yet another attempt by this Plaintiff, and his counsel, to provide inaccurate and disingenuous information to this Court.

an "implied" threat of suit. *See*, Aronson v. Commercial Fin Svc., *supra,* (Citations Omitted). Plaintiff's argument to the contrary references no case law to support it and it cannot. The courts have unequivocally stated that the least sophisticated consumer would not be deceived by such communication. Plaintiff's interpretation clearly shows a lack of a "quotient of reasonableness" and a "willingness to read with care," *see*, Wilson, *supra,* but is also contrary to the well-reasoned analysis of the majority of Courts who have looked at the standard of the least sophisticated consumer.  Plaintiff suggests to this Court that he is representative of the "least sophisticated consumer". However his unreasonable interpretations of Defendant's Collection Letters show otherwise.

### C.     CONCLUSION

For the reasons set forth in this Reply Brief, Defendant's Cross Motion for Summary Judgment must be granted.

>
> Respectfully Submitted,
> **MAURICE & NEEDLEMAN, P.C.**
>
> /s/ *JOANN NEEDLEMAN*
>
> _____
> JOANN NEEDLEMAN (74276)
> 935 One Penn Center
> 1617 John F. Kennedy Blvd
> Philadelphia, PA 19103
> (215) 789-7151
> (215) 563-8970
> joann@mnlawpc.com
> *Attorney for Defendant,*
> *Law Offices Of Mitchell N. Kay, P.C.*

Dated: June 2, 2010

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct of the foregoing Reply Brief in Support of the Defendant's Cross Motion for Summary Judgment was served on this date via the electronic filing system addressed to the following:

DEANNA SARACCO, ESQ.
76 GREENMONT DRIVE
ENOLA, PA 17025

LAURENCE J. ROSEN, ESQ.
KREVSKY & ROSEN
1101 NORTH FRONT STREET
HARRISBURG, PA  17102

          /s/ *JOANN NEEDLEMAN*
          _____
          JOANN NEEDLEMAN (74276)

Dated:  June 3, 2010