UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARWIN LESHER,                    :    **CIVIL NO. 1:09-CV-0578**
                                  :
              Plaintiff           :    (Magistrate Judge Smyser)
                                  :
        v.                        :
                                  :
LAW OFFICE OF MITCHELL N. KAY,    :
P.C.,                             :
                                  :
              Defendant           :

**MEMORANDUM AND ORDER**

I.  **Background and Procedural History**.

The plaintiff filed a second amended complaint in this case on August 3, 2009. (Doc. 24).

The second amended complaint alleges that the plaintiff Darwin Lesher borrowed a sum from a lender, Washington Mutual, in the form of a home equity loan and that he fell behind on his payments.  He disputes the alleged debt and how the debt was calculated.  Washington Mutual placed the account for collection with defendant Law Offices of Mitchell N. Kay, P.C. The defendant sent letters to the plaintiff on January 11, 2009

and on February 15, 2009 relating to the debt.  The defendant was acting to collect the debt.  The letters from the defendant to the plaintiff stated that the plaintiff's account was being handled by the defendant's office, that the defendant had been authorized to offer the plaintiff an opportunity to settle the account with a lump sum payment, that the plaintiff was invited to visit the web site of the defendant to "resolve this debt privately" and that: "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account."

The second amended complaint alleges that the plaintiff believed that an attorney was involved in the collection of the alleged debt and that an attorney could and would take legal action against him.  The second amended complaint alleges that the defendant failed to make it clear to the plaintiff that the defendant had no authority to take legal action in Pennsylvania.

The second amended complaint alleges that the defendant acted through its agents with malicious, intentional, willful,

2

reckless, negligent and wanton disregard for the plaintiff's rights with the purpose of coercing the plaintiff into paying the alleged debt and that the defendant thereby caused harm to the plaintiff.  It is alleged that the defendant as a matter of policy and practice does not advise consumers that it can take no legal action against them, that it uses its title and status as an attorney to make false, deceptive or confusing statements to consumers, and that it uses the authority and credibility of its letterhead to threaten litigation and to create a heightened sense of urgency without a meaningful review of the consumer's account.

The second amended complaint asserts violations of 15 U.S.C. § 1692d and §§ 1692e(3),(5) and (10), § 1692f, § 1692j, § 1692g and § 1692n.  The complaint seeks statutory, actual, general and punitive damages, fees and costs as well as declaratory and injunctive relief.

A motion to dismiss the second amended complaint was denied on October 22, 2009.  (Doc. 29).  The discovery deadline

has expired.  The pretrial conference is scheduled for July 15, 2010 and trial is scheduled for August 2, 2010.

On April 16, 2010, the plaintiff filed a motion for summary judgment.  (Doc. 51).  A brief in support was filed on April 18, 2010.  (Doc. 52).  No LR 56.1 statement was filed. On May 7, 2010, the defendant filed a cross motion for summary judgment.  (Doc. 57).  No LR 56.1 statement was filed.  A brief in support of the defendant's motion and in opposition to the plaintiff's motion was filed.  (Doc. 58).  On May 20, 2010, the plaintiff filed a brief in opposition to the cross motion of the defendant for summary judgment and in reply to the defendant's brief in opposition to the plaintiff's motion for summary judgment.  (Doc. 63).  On June 3, 2010, the defendant filed a reply brief in support of the defendant's cross motion for summary judgment.  (Doc. 65).

Both parties have filed documents in support of and in opposition to the respective pending motions for summary judgment.  There are no LR 56.1 statements and neither party asserts that there is a dispute as to a material factual issue.

4

II.  **Summary Judgment Standards**.

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set out specific facts showing a genuine issue for trial."  Fed.R.Civ.P. 56(e)(2).

A material factual dispute is a dispute as to a factual issue the determination of which will affect the outcome of the trial under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

Summary judgment is not appropriate when there is a genuine dispute about a material fact. *Id.* at 248. A dispute as to an issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson, supra,* 477 U.S. at 249-50. In determining whether a genuine issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving

6

party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d
Cir. 1988).

     At the summary judgment stage, the judge's function is
not to weigh the evidence and determine the truth of the
matter, but is to determine whether there is a genuine issue
for trial. *Anderson, supra,* 477 U.S. at 249.  The proper
inquiry of the court in connection with a motion for summary
judgement "is the threshold inquiry of determining whether
there is the need for a trial - whether, in other words, there
are any genuine factual issues that properly can be resolved
only by a finder of fact because they may reasonably be
resolved in favor of either party." *Id.* at 250.

**III.  <u>Discussion</u>.**

     The Fair Debt Collection Practices Act ("FDCPA")
requires a debt collector not to use any false, deceptive or
misleading representation or means in connection with the
collection of any debt.  15 U.S.C. § 1692e.  15 U.S.C. § 1692e
sets forth sixteen specific kinds of prohibited false

representations, including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney", § 1692e(3), and "[t]he threat to take any action . . . that is not intended to be taken." § 1692e(5). § 1692e(10) prohibits in relevant part the use of any false representations or deceptive means to collect a debt. § 1692g affirmatively requires a debt collector to send certain information to the consumer within five days after sending an initial communication to the consumer.[1]

─────────────────

1. § 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the
>
> (continued...)

Whether a communication is false and misleading under the Fair Debt Collection Practices Act is a question of law. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000). The perspective to be taken in considering whether a representation is false, misleading or deceptive is that of the "least sophisticated debtor." *Id.* at 354. Since the issue whether a communication is false and misleading is an issue of law, and since neither party has presented to the court an argument that there is a genuinely disputed issue of material fact, it follows that the issues under 15 U.S.C. §§ 1692e are properly resolved under Fed.R.Civ.P 56.

The plaintiff claims that the defendant's use of law firm letterhead to collect consumer debts when there has not been attorney involvement or attorney review before collection

---

1.    (...continued)
      debt collector will obtain verification of the debt or
      a copy of a judgment against the consumer and a copy
      of such verification or judgment will be mailed to the
      consumer by the debt collector; and

      (5) a statement that, upon the consumer's written
      request within the thirty-day period, the debt
      collector will provide the consumer with the name and
      address of the original creditor, if different from
      the current creditor.

9

letters are sent to consumers is in violation of 15 U.S.C.
§ 1692e(3) and (5), even though the communication contains a
statement that there has not been attorney review of the
particular circumstances of the debtor's account.

The plaintiff's § 1692e(10) claim is that the
defendant's collection letter is misleading in its content
because the letter gives the impression that Washington Mutual,
the creditor, had hired the defendant to collect the alleged
debt when in fact the defendant was hired by Plaza Associates,
another collection agency.

The plaintiff's § 1692g claim is that the collection
letter of the defendant in form and in content has the effect
of causing the consumer not to take advantage of his rights
under the FDCPA, that it created a false sense of heightened
urgency and intimidation, and that there had not been a
meaningful review of the plaintiff's account.

The pending motions for summary judgment address the §
1692e(3),(5) and 10 and the § 1692g causes of action, but not

10

other causes of action that may be stated in the second amended complaint.

The two letters that are the subject of the case are the letter dated January 11, 2009 from Law Offices of Mitchell N. Kay to Darwin E. Lesher and the letter of February 15, 2009 from Law Offices of Mitchell N. Kay to Darwin E. Lesher. *See* Doc. 9, Exhs. A and B.

Each of these letters plainly gives rise to the implication that an attorney is involved in the collection of a debt. Each letter also does implicitly threaten legal action.

In *Brown v. Card Service Center*, 464 F.3d 450 (3d Cir. 2006), the Court found it to be a deceptive practice for a collection agency to mention in a letter that an account could be forwarded to an attorney when the agency had never or very rarely done so before. In the present case, the communications at issue were from a law firm. There was not a signature line, nor a specific attorney sender named. There was no explicit statement made of a plan of action. The present case is not,

11

as was *Brown,* a situation involving an announcement of a
contingent future course of action when in practice no such
course of action had ever been taken in like circumstances by
the debt collector.  In this case, the communication is from a
law firm, yet the letter contains a statement that there has
not been attorney review.  The letter also contains a statement
that the communication is from a debt collector.

In *Greco v. Trauner, Cohen & Thomas, L.L.P.,* 412 F.3d
360, 361 (2d Cir. 2005), the letters to debtors written under
attorneys' letterheads contained the same language as the
language contained in the letters in this case: "[a]t this
time, no attorney with this firm has personally reviewed the
particular circumstances of your account."  In that decision,
that language was found to be adequate to dispel a possible
inference of the debtor that a particularized analysis had
caused the attorney to have decided to pursue a collection
process through litigation.  *Id.* at 365.  The *Greco* decision
holds that there is not an actionable misrepresentation by the
debt collector and no actionable FDCPA claim, despite the use
of attorney letterhead, when this "at this time, no attorney .

12

. .” phrase is used.  *Id.*  Whether this court should follow

that holding is a prominent issue here.


In *Rosenau v. Unifund Corp.,* 539 F.3d 218, 220 (3d Cir.

2008), the Third Circuit applied the least sophisticated debtor

standard where a debt collection letter had expressly stated

"[t]his communication is from a debt collector.  This is an

attempt to collect a debt. . . ," and where the letter closed

with, in place of a signature, "Unifund Legal Department."  The

Court, quoting from *Brown, supra,* stated that a debt collection

letter is deceptive where it can be reasonably read to have two

or more different meanings, one of which is inaccurate.  *Id.* at

222.  The Court found that the letter could falsely imply to

the least sophisticated debtor that it was from an attorney.

*Id.* at 224.  The letters here state explicitly that the letter

is from a debt collector.  The letters are from a law firm.

The letters state that there has not been a review by an

attorney.


The plaintiff's claim here is in part that the

letterhead of the two letters falsely implies that the letter

13

is from an attorney and that this implication causes an

unwarranted impression and apprehension for the debtor.  The

plaintiff argues that such an apprehension is the intent of the

use of attorney letterhead and that it is a misrepresentation.

Plaintiff also notes that the letters do not point out to the

debtor that the law firm's attorneys are not licensed to

practice in Pennsylvania.  An unsophisticated debtor would not

be likely to doubt that the defendant law firm could follow

through with legal action if and when it were to decide to do

so.


     In *Gonzalez v. Kay,* 577 F.3d 600 (5th Cir. 2009), the

Fifth Circuit Court of Appeals considered a debt collection

letter very similar to the letter in this case.  The Court

found that the least sophisticated consumer might be deceived

into thinking that the letter was from an attorney.  *Id.* at

607.  The Court considered *Greco, supra,* and the disclaimer

language held there to constitute an adequate explanation of

the limited extent of any attorney involvement in collecting

debts.  *Id.* at 605-606.  The Court found it to be significant

that, as in this case, the language "[a]t this point in time,

14

no attorney with this firm has personally reviewed the

particular circumstances of your account" was on the back of

the letter rather than on the front of the letter.  *Id.* at 607.

In our view, the location of that language within the letter is

not a factor of prominent importance.  In our view, that

language does not mitigate the impression of potential legal

action.

Although an attorney may be acting solely in the

capacity of a debt collector and may not be communicating any

explicit representation of a future course of action, when the

attorney acting as a debt collector uses law firm letterhead

the attorney acting as a debt collector plainly is

communicating to the debtor in his or her capacity as an

attorney.  Therefore, since it is an attorney's communication,

the implication is not avoidable that a threat of litigation is

being presented to the debtor.  The defendant correctly asserts

that it is customary and ordinary for attorneys to send out

letters noting the existence of a debt and asking for payment.

The unavoidable corollary to this is that it is customary and

ordinary for the recipient of a law firm's letter to feel that

a law suit could be the next step.  The defendant does not deny that its identification of itself to the debtor as a law office is intended to make an impression, nor does it describe the impression that is intended beyond saying that this (i.e., debt collection) is something that attorneys do.  The defendant asserts that its statement in the letter that "no attorney with this firm has personally reviewed the particular circumstances of your account" is enough to dispel the natural inference that the least sophisticated debtor would otherwise draw from the receipt of a letter from a law firm that a legal action against the debtor will be initiated if the debtor does not "settle this account" or "dispute the validity of this debt."

If the language that the debtor's account has not been analyzed in particular by an attorney can in some contexts dispel the representation or impression that an attorney is pursuing the case and that a legal action is down the road, it nevertheless does not of itself dispel that representation and impression in all contexts.  The least sophisticated consumer would be likely to believe that the law firm is acting as an attorney for the lender in communicating with the consumer

16

concerning the loan.  The least sophisticated consumer would be likely to believe upon receiving a communication from an attorney for the lender that the debt collection process has entered into a phase where the lender through its attorney will begin to use procedures established by law and known to attorneys to collect the debt.  The least sophisticated consumer would be likely to believe that his property and interests are in some potential jeopardy.  We agree with plaintiff that "[i]t is a reasonable expectation for the least sophisticated consumer to believe that Washington Mutual hired an attorney in order to take legal action."  (Doc. 52, p. 11).  We agree with the plaintiff that the least sophisticated consumer, absent any language clearly identifying the attorney's intent, will believe that a law firm was hired to take legal action if the debt is not collected and that when an attorney becomes involved, the matter is escalated and there is a serious and meaningful threat of litigation.  *Id.* at 11-12.  A law firm's letter does bear an implied threat of litigation, and does connote that it is a communication from an attorney.

A consumer is reasonably expected to believe that a law firm is comprised of attorneys and that it does legal work. In the context of a consumer debt, a reasonable perception of consumers is that if a consumer debt is being handled on behalf of the lender by a law firm and if the amount of money that the law firm is seeking (or some lesser settlement amount) is not paid, then the lawyer(s) will use the legal process with which they are familiar and for the use of which they are specifically trained to obtain a mandatory order of payment, which order will be enforceable by penalties within the power of courts to impose. The implication that a communication to a consumer concerning a debt is from an attorney has a particular well-known and well-understood effect. That is explicitly recognized in and incorporated into § 1692e.

The time of attorneys is expensive. Attorneys generally must ascertain the validity of their claims and demands before they make them. A consumer reasonably does not expect to receive a communication containing a demand or a claim from an attorney. That in part explains that when such a communication is received, the consumer will certainly take

notice, will experience some apprehension and will want to
resolve the matter as soon as possible.  A claim from an
attorney on behalf of a client is a threat of litigation in the
recipient's mind.

There is certainly nothing wrong with an attorney
acting on behalf of a creditor client writing to a debtor,
demanding payment and announcing or implying that a court claim
will be brought if payment is not made, unless the implication
of a court claim is a false implication.

For the foregoing reasons, we conclude that each of the
two letters constitutes a violation of 15 U.S.C. § 1692e.

The plaintiff has not demonstrated that he is entitled
to summary judgment under 15 U.S.C. § 16952g.  His argument, at
Doc. 52, pages 14-15, does not in our view adequately address
the specific provisions of that section.  The defendant has not
shown that it is entitled to summary judgment as to the § 1692g
claim of the plaintiff.

**IV.**    <u>**Conclusion and Order**</u>.


We conclude that the letters of January 11, 2009 and February 15, 2009 from Law Offices of Mitchell N. Kay, P.C., to Darwin E. Lesher, are in violation of the FDCPA, 15 U.S.C. § 1692e.  The plaintiff's motion for summary judgment is granted as to the claim of two violations of the Act.  The defendant's cross motion for summary judgment is denied as to violations of these two subsections in the sending of the letters.  The motions for summary judgment will be denied as to the § 1692g claim.


Although issues under 15 U.S.C. § 1692e and § 1692g are properly reached under Rule 56, the claims under 15 U.S.C. §§ 1692d, 1692f, 1692j and 1692n are not the subject of either summary judgment motion.  These claims remain to be tried.  We will order the plaintiff to inform the court within fourteen (14) days of the entry of this Order whether he intends to pursue his remaining claims under 15 U.S.C. §§ 1692d, 1692f, 1692g, 1692j and 1692n.  The issue of entitlement to statutory and compensatory damages remain to be tried.  The plaintiff is

not entitled to punitive damages.  We agree with and will follow *Whiteman v. Burton Neil & Associates, P.C.,* 3:07-cv-2289, 2008 WL 4372842 at *3 in (M.D.Pa. Sept. 19, 2008) (holding that the FDCPA does not give rise to a claim for punitive damages).  The attorneys' fee issues shall be presented by motion at the appropriate time pursuant to Fed.R.Civ.P. 54.

    **IT IS ORDERED** that the plaintiff's motion for summary judgment (Doc. 51) is **GRANTED in part and DENIED in part.**  The plaintiff's motion for summary judgment is granted as to the merits of his two claims of violations under 15 U.S.C. § 1692e. His motion for summary judgment is denied as to his two claims of violations under 15 U.S.C. § 1692g.  The Clerk shall not enter judgment until the final disposition of all claims in this case.  The defendant's motion for summary judgment (Doc. 57) is **DENIED.**  The claim of the plaintiff for punitive damages is **DISMISSED.**  The plaintiff shall inform the court within fourteen (14) days of the entry of this Order whether he

intends to pursue his remaining claims under 15 U.S.C.

§§ 1692d, 1692f, 1692g, 1692j and 1692n.


                                        ___*/s/ J. Andrew Smyser*___
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  June 14, 2010.

22